

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1340-18

### CHRISTOPHER MIRANDA, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

**YEARY, J., filed a concurring opinion in which SLAUGHTER, J., joined.**

### CONCURRING OPINION

Today the Court continues along a jurisprudential course of extending, yet again, a court-invented common-law exception to the court-invented common-law doctrine known as the *corpus delicti* rule. *See* Majority Opinion at 10–11 (describing the common-law *corpus delicti* rule, as well as the "closely-related-offenses" exception lately adopted by *Miller v. State*, 457 S.W.3d 919 (Tex. Crim. App. 2015)). When the exception does not apply, the doctrine can lead to an acquittal under circumstances for which an acquittal is

not justified. This is more than unfortunate. Rather than continue to chart this anomalous course, I would exercise our prerogative to simply jettison the court-invented common-law doctrine that generates this anomaly in the first place. Neither Texas statutes nor any recognized constitutional principle of due process or due course of law requires the rule. Though courts in Texas have imposed it for decades, the Legislature has never seen fit to codify it. Certainly, *Jackson v. Virginia*, 443 U.S. 307 (1979), does not require it. And neither should the Court.

I respectfully concur in the result.

FILED:               April 21, 2021
PUBLISH